UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOSERVE ENERGY TRANSPORT DMCC,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>M/V 0 7 VEGA S, *in rem*,<br><br>　　　　　　　　　　　Defendant. | Case No.: 24-cv-2148-RSH-SBC<br><br>**ORDER DENYING CLAIMANT OCEAN7'S MOTION FOR COUNTERSECURITY**<br><br>[ECF No. 34] |

Pending before the Court is a motion for countersecurity, filed by Claimant Ocean7 Projects ApS ("Ocean7"). ECF No. 34. As set forth below, the motion is denied.

**I.　BACKGROUND**

On November 15, 2024, plaintiff Geoserve Energy Transport DMCC ("Plaintiff" or "Geoserve") filed its verified complaint in rem against the M/V 0 7 Vega S (the "Vessel"). ECF No. 1. On November 17, 2024, Plaintiff filed an ex parte application for a warrant for the arrest of the Vessel. ECF No. 2. The following day, the Court ordered the issuance of an arrest warrant, and the Vessel was arrested pursuant to that warrant. ECF Nos. 4, 7.

On November 21, 2024, Infinity Shipping & Trading LLC ("Infinity") filed an ex parte application for an order vacating the arrest and releasing the vessel, or alternatively

1  setting a hearing to determine the amount of security to be posted for the release of the
2  Vessel pursuant to Supplemental Admiralty Rule E(5). ECF No. 10. The same day,
3  Ocean7, the time charterer of the Vessel, filed a joinder to Infinity's motion, seeking the
4  same relief. ECF No. 11. The Court immediately scheduled a hearing on Infinity's motion
5  for November 25, 2024, and provided that any opposition by Plaintiff was due on
6  November 22, 2024. ECF No. 12. Plaintiff timely filed an opposition. ECF No. 13.

7      At the November 25, 2024 hearing, the Parties—Plaintiff, Infinity, and Ocean7—
8  agreed to the posting of security and release of the Vessel, and jointly moved for an order
9  releasing the Vessel. ECF No. 18. The following morning, November 26, 2024, the Court
10 issued a written order granting the joint motion and releasing the Vessel. ECF No. 17. The
11 Vessel was released by the U.S. Marshals Service the same day. ECF No. 20.

12     Because Infinity's original motion sought, as alternative relief, the setting of an
13 amount of security "to secure the release of the Vessel," ECF No. 10 at 3—and because
14 subsequent to the filing of that motion, an amount of security was agreed to, and the Vessel
15 was released—the Court denied Infinity's motion as moot. ECF No. 23.

16     On December 12, 2024, Ocean7 filed a motion to dismiss pursuant to Federal Rule
17 of Civil Procedure 12(b)(6), or in the alternative to vacate the maritime arrest and dismiss
18 pursuant to Supplemental Admiralty Rule E(4)(f). ECF No. 28. Plaintiff's opposition was
19 due on January 2, 2025. Plaintiff did not file an opposition. On January 3, 2025, Ocean7
20 filed a reply brief. ECF No. 31. Later that day, the Court granted Ocean7's motion,
21 dismissing the complaint without leave to amend, vacating the maritime arrest, and closing
22 the case. ECF No. 32. The Court's dismissal order was based on the merits as well as
23 Plaintiff's failure to oppose. *Id.* Judgment was entered the same day. ECF No. 33.

24     On January 7, 2025, Ocean7 filed its present motion for countersecurity. ECF No.
25 34. That motion has been fully briefed. ECF Nos. 39 (opposition), 41 (reply).

26     On January 29, 2025, Plaintiff filed a motion to set aside judgment and for leave to
27 file an amended complaint. ECF No. 40. That motion remains pending.

28     //

## II. DISCUSSION

Ocean7's motion requests the Court to order Geoserve to provide countersecurity in the amount of $445,000, citing Supplemental Admiralty Rules E(2)(b) and E(4)(f). ECF No. 34 at 1. Ocean7 states that it "is preparing a motion to recover the costs that it has incurred because of the wrongful arrest, which it anticipates filing in the coming week." *Id.* This statement was made over six weeks ago, and Ocean7 has filed no motion to recover costs or fees against Plaintiff. Judgment was entered almost seven weeks ago.

The Court sees no point in ordering Plaintiff to provide countersecurity. The Court has already dismissed the lawsuit and vacated the maritime arrest, both on Ocean7's request. Ocean7 never filed a counterclaim. Despite its representation to the contrary, Ocean7 never filed a motion to recover its fees or costs. It is not clear what consequence Ocean7 intends if Plaintiff is ordered to post countersecurity but fails to do so; the Court has already dismissed Plaintiff's claims. Rule E does not compel the Court to order countersecurity in these circumstances, and the Court declines to do so.[1]

## III. CONCLUSION

For the foregoing reasons, Ocean7's motion for countersecurity [ECF No. 34] is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 19, 2025

_Robert S. Huie_
_____
Hon. Robert S. Huie
United States District Judge

---

[1] The Court overrules as moot Plaintiff's objection to a declaration submitted by Ocean7 in its reply brief. ECF No. 42.