UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOSERVE ENERGY TRANSPORT DMCC,<br><br>          Plaintiff,<br><br>v.<br><br>M/V 0 7 VEGA S, *in rem*,<br><br>          Defendant. | Case No.: 24-cv-2148-RSH-SBC<br><br>**ORDER GRANTING IN PART CLAIMANT OCEAN7'S MOTION FOR RECONSIDERATION**<br><br>[ECF No. 51] |

Pending before the Court is a motion filed by claimant Ocean7 Projects ApS ("Ocean7"), seeking reconsideration of this Court's order of April 2, 2024 striking Ocean7's motion for damages. *See* ECF Nos. 50 (April 2, 2024 order), 51 (Ocean7's motion for reconsideration). As set forth below, the Court grants reconsideration in part.

**I. BACKGROUND**

  **A. Proceedings up to Entry of Judgment**

On November 15, 2024, plaintiff Geoserve Energy Transport DMCC ("Plaintiff" or "Geoserve") filed its verified complaint in rem against the M/V 0 7 Vega S (the "Vessel"). ECF No. 1. The complaint alleged that the Vessel owed Plaintiff approximately $188,000 for unpaid fuel, and asserted a maritime lien on the Vessel. *Id.* ¶ 27. On November 17,

2024, Plaintiff filed an ex parte application for a warrant for the arrest of the Vessel. ECF No. 2. The following day, the Court ordered the issuance of an arrest warrant, and the Vessel was arrested pursuant to that warrant. ECF Nos. 4, 7.

On November 26, 2024, pursuant to a joint motion by Plaintiff and by claimants Ocean 7 and Infinity Shipping & Trading LLC, the Court ordered the Vessel released. ECF No. 17.

On December 12, 2024, Ocean7 moved to vacate the arrest as wrongful, and to dismiss the complaint. ECF No. 28. Ocean7's motion did not seek recovery of fees or other damages in connection with the alleged wrongful arrest. *Id.*

At no time did Ocean7 assert a counterclaim for damages based on wrongful arrest.

On January 3, 2025, the Court granted Ocean7's motion, dismissed the complaint, and vacated the arrest. ECF No. 32. Judgment was entered the same day. ECF No. 33.

**B.     Post-Judgment Proceedings**

On January 7, 2025, Ocean7 filed an ex parte application for countersecurity. ECF No. 34. In that application, Ocean7 explained that it was seeking countersecurity in connection with a motion that it would file in the coming week. *Id.* at 1. Ocean7 did not file such a motion that week, the following week, or the week after.

On January 29, 2025, Plaintiff filed a motion seeking to set aside the Court's dismissal and judgment pursuant to Rule 60. ECF No. 40.

On February 19, 2025, the Court denied Ocean7's application for countersecurity. ECF No. 44. The Court stated:

> Ocean7's motion requests the Court to order Geoserve to provide countersecurity in the amount of $445,000, citing Supplemental Admiralty Rules E(2)(b) and E(4)(f). ECF No. 34 at 1. Ocean7 states that it "is preparing a motion to recover the costs that it has incurred because of the wrongful arrest, which it anticipates filing in the coming week." *Id.* This statement was made over six weeks ago, and Ocean7 has filed no motion to recover costs or fees against Plaintiff. Judgment was entered almost seven weeks ago.
>
> The Court sees no point in ordering Plaintiff to provide countersecurity.

> The Court has already dismissed the lawsuit and vacated the maritime arrest, both on Ocean7's request. Ocean7 never filed a counterclaim. Despite its representation to the contrary, Ocean7 never filed a motion to recover its fees or costs. It is not clear what consequence Ocean7 intends if Plaintiff is ordered to post countersecurity but fails to do so; the Court has already dismissed Plaintiff's claims. Rule E does not compel the Court to order countersecurity in these circumstances, and the Court declines to do so.

*Id.* at 3.

On March 5, 2025, the Court denied Plaintiff's Rule 60 motion. ECF No. 48.

On April 1, 2025, Ocean7 filed a motion seeking an award against Plaintiff of approximately $1.5 million in damages, including for attorneys' fees, based on wrongful arrest of the Vessel. ECF No. 50-1.

On April 2, 2025, the Court rejected Plaintiff's motion for filing, based on (1) failure to comply with meet and confer requirements, and (2) making a claim for fees that was untimely under Rule 54(d)(2). ECF No. 50.[1]

On April 30, 2025, Ocean7 filed a motion pursuant to Rule 60 for reconsideration of the April 2, 2025 order. ECF No. 51.

Ocean7's motion for reconsideration has been fully briefed. ECF Nos. 52 (opposition), 53 (reply).

## II. DISCUSSION

### A. Meet and Confer

The undersigned's pretrial civil procedures impose a meet and confer requirement before the filing of noticed motions:

> **A. Conference of Counsel Prior to Filing Noticed Motions.** Any party contemplating the filing of any noticed motion before this Court

---

[1] Ocean7's filing was rejected by means of a "notice of discrepancy," a form used to either accept for filing or strike documents that fail to comply with the local rules. Frequently, but not always, the identified noncompliance is of a nature that can be cured by a new filing.

3

must first contact opposing counsel to discuss thoroughly the substance of the contemplated motion and any potential resolution. The conference must take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the need to file the anticipated motion, counsel for the moving party must include in the motion papers a statement to the following effect: "This motion is made following the conference of counsel that took place on [date]."

Civ. Pretrial Proc. § III(A).

Ocean7's motion did not, in the Court's view, comply with this requirement. The motion was accompanied by a declaration from Ocean7's counsel stating that she had spoken "on numerous occasions" with Plaintiff's counsel "regarding Ocean7's intention to file a motion for wrongful arrest."[2] ECF No. 50-1 at ¶ 10. She also stated that she "attempted" to call Plaintiff's counsel earlier on the day Ocean7 filed its motion "to confirm that we would be proceeding to file the motion and sent him an email to that effect." *Id.* These statements did not establish that Ocean7 had discussed thoroughly the substance of the lengthy, detailed motion it filed—seeking itemized damages and fees totaling approximately $1.5 million—with Plaintiff's counsel at least seven days before filing. Ocean7's motion also did not include a statement to the effect that the motion was being made following the conference of counsel that took place on an identified date or dates.

Ocean7's motion to reconsider provides more detail regarding Ocean7's efforts to meet and confer, as well as supporting documents. Importantly, Plaintiff does not dispute the adequacy of Ocean7's efforts to meet and confer and does not appear to oppose reconsideration of this aspect of the Court's prior order.

---

[2]   Ocean7 had previously filed a motion to vacate the wrongful arrest of the vessel, which as discussed above was granted on January 3, 2025. *See* ECF No. 15 at 6 (seeking "vacatur of this wrongful arrest"). This earlier motion was distinct from Ocean7's later-filed motion for fees and damages.

Accordingly, the Court grants reconsideration of its April 2, 2025 order to the extent the order is based on Ocean7's failure to comply with the meet and confer requirement. The Court vacates the April 2, 2025 discrepancy notice and directs the Clerk to restore Ocean7's motion for damages to the docket.

**B.     Timeliness**

Ocean7 also contends that its motion for damages, filed approximately three months after entry of judgment, was timely. Rule 54(d)(2) requires a claim for attorneys' fees to be filed within 14 days after entry of judgment. Ocean7 contends that this rule does not apply here, because Ocean7 is not seeking attorneys' fees subject to Rule 54, but instead is seeking attorneys' fees as an element of damages for wrongful arrest of the Vessel. ECF No. 51-1 at 2.

Rule 54(d)(2)(A) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." "Unless a statute or a court order provides otherwise, the motion must … be filed no later than 14 days after the entry of judgment." Fed. R. Civ. Pro. 54(d)(2)(B). These requirements "do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927." Fed. R. Civ. Pro. 54(d)(2)(E).

The Advisory Committee notes provide that one purpose of the 14-day requirement "is to assure that the opposing party is informed of the claim before the time for appeal has elapsed." Fed. R. Civ. Pro. 54 advisory committee's note to 1993 amendment. The notes further explain:

> The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case. What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees and the amount of such fees (or a fair estimate).

*Id.*

By the terms of Rule 54(d)(2), its requirement—of a motion to claim fees to be made no later than 14 days after entry of judgment—does not apply (1) where "the substantive law requires those fees to be proved at trial as an element of damages," (2) to claims for sanctions for violating the Federal Rules of Civil Procedure, or (3) to claims for sanctions under 28 U.S.C. § 1927. Ocean7 appears to invoke the first of these exceptions, asserting that its fees motion is seeking "damages." ECF No. 51-1 at 2 ("Ocean7's Motion was not brought pursuant to Rule 54 as a post-judgment request for fees and costs. To the contrary, it is a motion for *damages* arising from the *wrongful arrest* of the [Vessel]."). But if Ocean7's motion indeed falls into this category, then as a matter of definition, the consequence appears to be that "the substantive law requires those fees to be proved at trial as an element of damages"—rather than that Ocean7 may recover those fees on a motion to be filed post-judgment at a time of Ocean7's choosing.

Ocean7's reply brief cites the Supreme Court's decision in *Vaughan v. Atkinson*, 369 U.S. 527 (1962), in arguing that Rule 54 by its terms does not apply to attorneys' fees where, as here, they are an element of damages. ECF No. 53 at 5. *Vaughan* did not discuss Rule 54; indeed, the case preceded by over three decades the rule language at issue here. *Vaughan* did determine that attorneys' fees were recoverable by a seaman on his admiralty claim for damages arising from the defendant's failure to pay maintenance and cure. *Vaughan*, 369 US. at 530. But in that case, the seaman had brought a suit in admiralty to recover such damages, *id.* at 527-28; the seaman did not first assert that claim in a post-judgment motion. Here, there is no dispute that Ocean7 could bring a separate lawsuit for damages for wrongful arrest, or could have asserted a counterclaim; the issue, however, is whether Ocean7's post-judgment fee motion—filed approximately three months after entry

of judgment—is timely.[3]

Ocean7 does not appear to have cited any authority, from any jurisdiction, that specifically addresses the timeframe in which a party may file a motion seeking to recover fees or other damages for wrongful arrest or attachment of a vessel.

Ocean7 relies heavily on the non-precedential decision in *Equatorial Marine Fuel Management Services Pte Ltd. v. Berhad*, 464 F. App'x 647 (9th Cir. 2011), in which the Ninth Circuit reversed a district court's denial of a motion for damages, costs, and fees resulting from the wrongful attachment of a vessel. The Ninth Circuit determined that the district court clearly erred in finding that the plaintiff had acted in good faith in pursuing attachment of the vessel. *Id.* at 648. That order did not address the timeliness of the motion for damages; but Ocean7 has reviewed the docket in the underlying district court case in *Equatorial Marine*, C.D. Cal., Case No. 2:08-cv-7756, to conclude that the damages motion had been filed over a year after the district court had vacated the attachment of the vessel. *See* ECF No. 51-1 at 7–8. Ocean7 argues that by this measure, its own damages motion is timely.

Although Ocean7's counsel was also counsel of record for the defendant in the *Equatorial Marine* case, and knows that docket well, this Court does not find Ocean7's reliance on *Equatorial Marine* to be compelling. First, and fundamentally, Ocean7 is relying on a non-precedential decision that did not address or even mention the issue of timeliness. It does not appear that the parties to that case raised the question.

Second, the district court's docket in that case—the basis for Ocean7's argument

---

[3] After citing *Vaughan*, one commentator opines—referring to a plaintiff's request to recover fees as compensatory damages in an admiralty action seeking maintenance and cure—that "[b]ecause such fees are part of the damages awarded in the action, a fee motion seeking those fees challenges the correctness of the merits judgment, and thus must be brought within 28 days of judgment under Rule 59." 10 Moore's Federal Practice – Civil § 54.141[2][d] (2025). Federal Rule of Civil Procedure 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Ocean7's motion would not be timely under this standard either.

here—is significantly dissimilar to the docket here. In that case, on December 19, 2008, the district court vacated the attachment of the vessel [Dkt. No. 68]; three days later on December 22, 2008, the plaintiff filed notice of an interlocutory appeal of the vacatur [Dkt. No. 49]. Over a year later, the Ninth Circuit affirmed the vacatur, and on February 10, 2010, the mandate was filed on the district court's docket [Dkt. No. 103]. The same day the mandate was filed, the defendant filed its motion for fees and damages arising from the wrongful arrest [Dkt. No. 101]. This motion was thereafter denied by the district court [Dkt. No. 129], which the defendant successfully appealed to the Ninth Circuit resulting in the unpublished decision previously discussed. It does not appear from the docket that that case was formally dismissed or that judgment was formally entered.

In short, it appears that the defendant in *Equatorial Marine* (1) filed its motion for fees and damages *prior* to entry of judgment in that case; and (2) setting aside the time in which the appeal was pending (i.e., the time between the notice of appeal and docketing of the mandate), filed its damages motion *three calendar days* (indeed, only one business day)[4] after the district court vacated the attachment of the vessel. Here, in contrast, Ocean7 waited almost three months after entry of judgment, despite advising the Court and the parties just days after entry of judgment that it anticipated filing a motion for fees in the coming week.

As far as the Court can tell, neither party here has cited any statute, rule, or case that specifically addresses the timeliness of a motion to recover damages for wrongful arrest of a vessel. Ocean7 maintains that Rule 54 does *not* apply, but does not identify what regime *does* apply, such as a Rule 59(e) motion to amend the judgment. Ocean7 argues for the rule that "the deadline to pursue damages and costs arising from a wrongful arrest"—whatever that period of time may be—"is triggered from the date of a *final unappealable order*

---

[4]    The district court vacated the arrest on Friday, December 19, 2008; the plaintiff appealed the following business day, Monday, December 22, 2008; and the defendant filed its motion for fees and damages the same day the mandate was docketed.

1  establishing the *arrest is invalid*." ECF No. 51-1 at 2. For this proposition, Ocean7 relies
2  principally on the First Circuit's opinion in *Garcia-Guzman v. Villoldo*, 273 F.3d 1 (1st
3  Cir. 2001), but that case does not involve the wrongful arrest or attachment of a vessel; is
4  not a maritime case at all; and is based on construing the statutory language of the Civil
5  Code of Puerto Rico. Furthermore, the triggering rule proposed by Ocean7 reflects the
6  exact opposite of the policy behind Rule 54(d)(2)(A), which "is to assure that the opposing
7  party is informed of the claim before the time for appeal has elapsed." Fed. R. Civ. Pro. 54
8  advisory committee's note to 1993 amendment. The advisory committee stated that "[w]hat
9  is required is the filing of a motion sufficient to alert the adversary and the court that there
10 is a claim for fees and the amount of such fees (or a fair estimate)." *Id.* Ocean7's proposed
11 rule would allow a defendant *not* to alert the plaintiff, to wait for the plaintiff's time to
12 appeal to expire, and finally to file a motion seeking previously undisclosed damages—
13 here, in excess of seven times the amount claimed by the plaintiff in the underlying lawsuit.
14 In those circumstances where the plaintiff does choose to appeal a final judgment,
15 Ocean7's proposed rule would seem to incentivize inefficient and time-consuming
16 successive appeals.

17 The Court determines that, in determining whether Ocean7's damages motion
18 should be heard on the merits, the Court would benefit from additional briefing from the
19 Parties, who are represented here by experienced maritime counsel.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Ocean7's motion for reconsideration [ECF No. 51] of the Court's April 2, 2025 order, to the extent the order is based on Ocean7's failure to comply with the meet and confer requirement. The Court **VACATES** the April, 2025 discrepancy notice [ECF No. 50] and directs the Clerk to restore Ocean7's motion for damages [ECF No. 49] to the docket.

The Court directs further briefing from the Parties on whether Ocean7's damages and fees motion is timely and should be heard on the merits.

Ocean7 may file a brief no later than **Monday, June 30, 2025**. Plaintiff may file a

response no later than **Monday, July 21, 2025**. Briefs in substance shall not exceed twenty-five (25) pages in length. If warranted, the Court will in the future set a further briefing schedule on the merits of Ocean7's motion for damages.

**IT IS SO ORDERED.**

Dated: June 11, 2025

_____
Hon. Robert S. Huie
United States District Judge