UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOSERVE ENERGY TRANSPORT DMCC,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>M/V 0 7 VEGA S, *in rem*,<br><br>　　　　　　　　　　　Defendant. | Case No.: 24-cv-2148-RSH-SBC<br><br>**ORDER DENYING CLAIMANT OCEAN7'S MOTION FOR WRONGFUL ARREST DAMAGES**<br><br>[ECF No. 49] |

Pending before the Court is a motion filed by claimant Ocean7 Projects ApS ("Ocean7") seeking damages for the wrongful arrest of a vessel. ECF No. 49. As set forth below, the Court denies the motion as untimely.

**I.　　BACKGROUND**

　　**A.　　Proceedings up to Entry of Judgment**

On November 15, 2024, plaintiff Geoserve Energy Transport DMCC ("Plaintiff" or "Geoserve") filed its verified complaint in rem against the M/V 0 7 Vega S (the "Vessel"). ECF No. 1. The complaint alleged that the Vessel owed Plaintiff approximately $188,000 for unpaid fuel, and asserted a maritime lien on the Vessel. *Id.* ¶ 27. On November 17, 2024, Plaintiff filed an ex parte application for a warrant for the arrest of the Vessel. ECF

1

No. 2. The following day, the Court ordered the issuance of an arrest warrant, and the Vessel was arrested pursuant to that warrant. ECF Nos. 4, 7.

On November 26, 2024, pursuant to a joint motion by Plaintiff and by claimants Ocean 7 and Infinity Shipping & Trading LLC, the Court ordered the Vessel released. ECF No. 17.

On December 12, 2024, Ocean7 moved to vacate the arrest as wrongful, and to dismiss the complaint. ECF No. 28. Ocean7's motion did not seek recovery of fees or other damages in connection with the alleged wrongful arrest. *Id.*

Plaintiff did not timely respond to Ocean7's motion to vacate and to dismiss. On January 3, 2025, the Court granted Ocean7's motion, based on Plaintiff's untimeliness as well as the merits of Ocean7's motion. ECF No. 32. Accordingly, the Court dismissed the complaint and vacated the arrest. *Id.* Judgment was entered the same day. ECF No. 33.

At no time did Ocean7 assert a counterclaim for damages based on wrongful arrest.

### B. Post-Judgment Proceedings

On January 7, 2025, Ocean7 filed an ex parte application for countersecurity. ECF No. 34. In that application, Ocean7 estimated its wrongful arrest damages, including attorney's fees, at $445,000. *Id.* at 6. Ocean7 explained that it was seeking countersecurity in connection with a motion that it would file in the coming week. *Id.* at 1. Ocean7 did not file such a motion that week or in the weeks that followed.

On January 29, 2025, Plaintiff filed a motion seeking to set aside the Court's dismissal and judgment pursuant to Rule 60 and seeking leave to file an amended complaint. ECF No. 40.

On February 19, 2025, the Court denied Ocean7's application for countersecurity. ECF No. 44. The Court stated:

> Ocean7's motion requests the Court to order Geoserve to provide countersecurity in the amount of $445,000, citing Supplemental Admiralty Rules E(2)(b) and E(4)(f). ECF No. 34 at 1. Ocean7 states that it "is preparing a motion to recover the costs that it has incurred because of the wrongful arrest, which it anticipates filing in the coming

> week." *Id.* This statement was made over six weeks ago, and Ocean7 has filed no motion to recover costs or fees against Plaintiff. Judgment was entered almost seven weeks ago.
>
> The Court sees no point in ordering Plaintiff to provide countersecurity. The Court has already dismissed the lawsuit and vacated the maritime arrest, both on Ocean7's request. Ocean7 never filed a counterclaim. Despite its representation to the contrary, Ocean7 never filed a motion to recover its fees or costs. It is not clear what consequence Ocean7 intends if Plaintiff is ordered to post countersecurity but fails to do so; the Court has already dismissed Plaintiff's claims. Rule E does not compel the Court to order countersecurity in these circumstances, and the Court declines to do so.

*Id.* at 3.

On March 5, 2025, the Court denied Plaintiff's Rule 60 motion as well as Plaintiff's motion for leave to file an amended complaint. ECF No. 48. In declining to exercise discretion to allow Plaintiff leave to amend, the Court determined that leave to amend would be futile; but also noted that omissions in Plaintiff's motion "give rise to an inference of dilatory motive," and that permitting amendment would "needlessly protract the litigation." *Id.* at 11.

On April 1, 2025, Ocean7 filed its pending motion for wrongful arrest damages. ECF No. 49. The motion seeks an award against Plaintiff of approximately $1.5 million in damages, over three times the amount that Ocean7 had previously estimated. ECF No. 49-1.

On April 2, 2025, the Court rejected Plaintiff's motion for filing, based on (1) failure to comply with meet and confer requirements, and (2) making a claim for fees that was untimely under Rule 54(d)(2). ECF No. 50.

On April 30, 2025, Ocean7 filed a motion pursuant to Rule 60 for reconsideration of the April 2, 2025 order. ECF No. 51.

On June 11, 2025, the Court granted that motion in part. ECF No. 54. First, based on documentation submitted by Ocean7 and based on Plaintiff's non-opposition, the Court

reconsidered its April 2, 2025 discrepancy order to the extent that order was based on Ocean7's failure to comply with meet and confer requirements. *Id.* at 5. The Court therefore vacated the discrepancy order and directed the Clerk to restore Ocean7's motion for damages to the docket. *Id.*

Second, as to the timeliness of Ocean7's motion for damages, the Court noted Ocean7's position that Rule 54(d)(2) does not apply to the motion, but also stated, "Ocean7 does not appear to have cited any authority, from any jurisdiction, that specifically addresses the timeframe in which a party may file a motion seeking to recover fees or other damages for wrongful arrest or attachment of a vessel." *Id.* at 7. The Court continued:

> As far as the Court can tell, neither party here has cited any statute, rule, or case that specifically addresses the timeliness of a motion to recover damages for wrongful arrest of a vessel. Ocean7 maintains that Rule 54 does *not* apply, but does not identify what regime *does* apply, such as a Rule 59(e) motion to amend the judgment. … [I]n determining whether Ocean7's damages motion should be heard on the merits, the Court would benefit from additional briefing from the Parties, who are represented here by experienced maritime counsel.

*Id.* at 8-9. The Court directed additional briefing. *Id.* at 9. The Parties have accordingly filed supplemental briefs on the question of timeliness. ECF Nos. 55, 56.

## II.    DISCUSSION

The Parties' supplemental briefs do not purport to identify precedent from any jurisdiction, controlling or otherwise, that specifically addresses the timeliness of a post-judgment motion for damages arising from the unlawful arrest of a vessel. This therefore seems to present a case of first impression, although the practical import of the question may be limited. The Parties do not appear to dispute that Ocean7 could have, if it so chose, brought a counterclaim for wrongful arrest; or that Ocean7 could still, if it so chooses, simply bring a new civil action for wrongful arrest.

In the absence of cases directly on point, the Court addresses the Parties' respective positions.

//

### A. Plaintiff's Position

Plaintiff's position is that timeliness is governed here by the 14-day limit in Rule 54(d)(2), or alternatively by the 28-day limit in Rule 59(e). ECF No. 56 at 10.

Rule 54(d)(2)(A) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." "Unless a statute or a court order provides otherwise, the motion must … be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). This 14-day requirement does not apply (1) where "the substantive law requires those fees to be proved at trial as an element of damages," (2) to claims for sanctions for violating the Federal Rules of Civil Procedure, or (3) to claims for sanctions under 28 U.S.C. § 1927. Fed. R. Civ. P. 54(d)(2)(E). Ocean7 invokes the first of these exceptions, arguing that "damages arising from a wrongful arrest must be proven as an element of the claim." ECF No. 55 at 18. Ocean7 also invokes the second of these exceptions, arguing that "a motion seeking wrongful arrest damages is a motion for sanctions arising from the arresting party's abuse of the Supplemental Admiralty Rules." *Id.* at 15. Ocean7 further argues that even if Rule 54(d)(2) does apply here, it only applies to that portion of Ocean7's motion for damages that seeks recovery of attorneys' fees rather than other commercial losses. *Id.* at 22-23.

Another candidate for a rule governing the timeliness of Ocean7's motion is Rule 59(e), which provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Court raised the potential applicability of this rule based on case law cited by Ocean7 in its request for reconsideration. Specifically, Ocean7's reply brief cited the Supreme Court's decision in *Vaughan v. Atkinson*, 369 U.S. 527 (1962), in arguing that Rule 54 does not apply to attorneys' fees where those fees are an element of damages. ECF No. 53 at 4. *Vaughan* did not discuss Rule 54; indeed, the case preceded by over three decades the rule language at issue here. *Vaughan* determined that attorneys' fees were recoverable by a seaman on his admiralty claim for damages arising from the defendant's failure to pay maintenance and cure. *Vaughan*, 369 US. at

530. In that case, the seaman had brought a suit in admiralty to recover such damages, *id.* at 527–28, that is, the seaman did not claim fees for the first time in a post-judgment motion.

In interpreting *Vaughan*, one commentator opined—referring to the plaintiff's request to recover fees as compensatory damages in an admiralty action—that "[b]ecause such fees are part of the damages awarded in the action, a fee motion seeking those fees challenges the correctness of the merits judgment, and thus must be brought within 28 days of judgment under Rule 59." 10 Moore's Federal Practice – Civil § 54.141[2][d] (2025). Thus, to the extent that Ocean7's motion for wrongful damages seeks a new final judgment in this case in Ocean7's favor—not merely dismissing the action against the Vessel, but awarding Ocean7 $1.5 million in damages—it might plausibly bring a motion to amend or alter the judgment pursuant to Rule 59(e). Ocean7 argues, however, that Rule 59(e) does not apply because "Ocean7's claim for wrongful arrest damages does not arise from the judgment and does not seek to alter or amend the judgment." ECF No. 55 at 21.

### B.    Ocean7's Position

Ocean7's takes the position in its supplemental briefing that timeliness here is governed by principles of equity, and that "a claim is time barred if the moving party has acted with inexcusable delay and the nonmoving party has been prejudiced." ECF No. 55 at 6. Ocean7 relies extensively on the decision in *Italia Marittima, S.p.A. v. Seaside Transportation Services, LLC*, No. C 109-0803 PJH, 2010 U.S. Dist. LEXIS 92771 (N.D. Cal. Sept. 7, 2010). In that case, in denying a Rule 12(b)(6) motion to dismiss, the district court stated:

> Absent a specific contractual or statutory provision, the equitable doctrine of laches dictates the timeliness of maritime claims. Because admiralty law contains no express statutes of limitations for claims of property damage (negligence) and breach of contract, laches controls the timeliness of Italia's claims against Tricor.
>
> Unlike traditional limitations periods, a defense of laches is not necessarily triggered after a set number of years. Instead, the doctrine

>of laches requires a showing of both inexcusable delay and prejudice.
>
>In evaluating the reasonableness of the delay, courts often "borrow" the limitations period from the most closely analogous action under state law. If the action is filed within the analogous period, there is a "strong presumption" that laches does not apply. In contrast, if filed outside the relevant period, there is a presumption of unreasonable delay.

*Id.* at 13-14 (citations omitted).

Ocean7 argues that, applying this standard, its motion is not untimely. First, Ocean7 contends that it acted promptly in filing its motion, because: (1) Ocean7 made Plaintiff "aware of its intent to seek wrongful arrest damages within four days of the entry of judgment," namely, through Ocean7's ex parte motion for countersecurity; (2) Ocean7 spent time meeting and conferring about its motion, as well as about Plaintiff's Rule 60 motion; (3) Ocean7 "took the additional proposed facts and evidence proffered by Geoserve's Rule 60 Motion into account" in determining whether to file Ocean7's motion; and (4) Ocean7 filed its motion "within weeks of realizing its actual commercial losses." ECF No. 55 at 14.

Second, Ocean7 contends that there was no prejudice to Plaintiff, because (1) "Geoserve was on notice of Ocean7's best estimate of its damages, including fees, within four days of the entry of judgment," again referring to Ocean7's ex parte motion for countersecurity; and (2) "Geoserve was likewise on actual notice of Ocean7's intent to file its Motion for Wrongful Arrest Damages before its deadline to file a Notice of Appeal of the underlying judgment." *Id.*

### C.  Discussion

Ocean7 asserts that its motion for wrongful arrest is a motion for sanctions. ECF No. 55 at 6, 15, 17-18. In general, even where a motion is not subject to express time limits under the Federal Rules of Civil Procedure, and regardless of the source of sanctions authority invoked, it must nonetheless be timely filed. *See Treasure Island, LLC v. Affiliated Fm Ins. Co.*, No., 2023 WL 6295500, at *2 (D. Nev. Sept. 26, 2023) ("Courts

agree 'that a motion for sanctions, regardless of the source of authority for the imposition of sanctions, must be timely filed.'") (quoting *MGA Ent., Inc. v. Nat'l Prods. Ltd.*, No. 2012 WL 4052023, at *4 (C.D. Cal. Sept. 14, 2012); *Clark v. United States*, No. 06-cv-544, 2011 WL 66181, at *4 (D. Haw. Jan. 7, 2011) ("While we found no authority setting specific time limits for the filing of a motion for sanctions pursuant to our inherent authority, it is generally well-established that 'unreasonable delay may render ... a [sanctions] motion untimely.'") (citing *Brown v. Hawaii*, No. 07 C 00556, 2009 WL 3365850, at *2 (D. Haw. Oct. 19, 2009)). *See also R.R. Donnelley & Sons. Co. v. Pappas*, No. 2:21-cv-753 DJC AC, 2024 WL 2302360, at *1 (E.D. Cal. May 21, 2024) ("Delay in filing a motion for sanctions reaches the court's inherent powers may render the request untimely.").

Ocean7 argues that the equitable doctrine of laches should be applied to determine the timeliness of its motion. ECF No. 55 at 7-9. "Laches is an equitable time limitation on a party's right to bring suit, resting on the maxim that one who seeks the help of a court of equity must not sleep on his rights." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (internal quotation marks and citation omitted). While "statutes of limitation generally are limited to actions at law … [l]aches serves as the counterpart to the statute of limitations, barring untimely equitable causes of action." *Id.* The doctrine of laches, as a defense to an equitable or maritime cause of action, may come into play if and when Ocean7 chooses to file such a cause of action—just as in *Italia Marittima*, where the district court considered the doctrine in the context of a motion to dismiss the complaint. But Ocean7 has not brought a maritime action or filed a maritime counterclaim. Instead, Ocean7 has filed a post-judgment motion for sanctions.

If a court were to apply the doctrine of laches as set forth in the passage from *Italia Marittima* quoted above, it might evaluate the reasonableness of Ocean7's delay by "borrowing" the statute of limitations from the most closely analogous provision of California law – potentially affording Ocean7 *years* to file its post-judgment motion. However, a more fitting application of *Italia Marittima* here, in the context of a post-

judgment motion, would be to "borrow" the time limitations of the most closely analogous provisions of the Federal Rules, such as the 28-day deadline under Rule 59(e). Under this metric, Ocean7's motion—filed approximately three months after entry of judgment—would be presumptively unreasonable.

Without applying any such presumption, the Court nonetheless concludes that Ocean7's motion is untimely here. In reaching this conclusion, the Court considers those same equitable considerations that Ocean7 has put forward—excusable delay, and prejudice—in the circumstances of this case.

In the course of this case, the Court held the Parties to a standard of timeliness. The Court did so, in part, at the request of Ocean7, and the result inured to Ocean7's benefit. When Plaintiff failed to timely oppose Ocean7's motions to dismiss and to vacate, Ocean7 immediately filed a document calling this default to the Court's attention and requesting that Ocean7's motions be granted:

> Geoserve was required to file an opposition or statement of non-opposition on or before January 2, 2025. It did not. Therefore, the motion should be granted, the Complaint dismissed, and the substitute res released from any further orders of this Court.

ECF No. 31 at 1. The Court granted Ocean7's motion to dismiss and motion to vacate, based in part on Plaintiff's untimeliness in opposing. ECF No. 32. Thereafter, in opposing Plaintiff's Rule 60 motion, Ocean7 again cited Plaintiff's untimeliness, and argued that Plaintiff's delay was unexcused. ECF No. 43 at 7. The Court agreed with Ocean7 and denied Plaintiff's Rule 60 motion. ECF No. 48.

Ocean7 also opposed Plaintiff's request for leave to amend, filed in connection with Plaintiff's Rule 60 motion. Ocean7 argued that if the motion were granted, "considerable delay will result to Ocean7's substantial detriment." ECF No. 43 at 9. Ocean7 asserted that "[b]riefing would be belatedly reopened for an unspecified amount of time, further delaying resolution of the matter." *Id*. The Court denied Plaintiff's motion for leave to amend, and stated that permitting leave to amend "would needlessly protract the litigation."

ECF No. 48 at 11.

In short, Ocean7 argued successfully that Plaintiff should be strictly held to a standard of timeliness, and that the Court should resist any efforts to delay resolution of the case. Ocean7 filed its motion for damages *after* making these arguments and *after* obtaining its favorable rulings.

The Court expected Ocean7 to comply with its own representations as to timing. On January 7, 2025, Ocean7 advised the Court and the Parties that it "is preparing a motion to recover the costs that it has incurred because of the wrongful arrest, which it anticipates filing in the coming week." ECF No. 34 at 1. Ocean7 did not make such a filing. On February 19, 2025, in denying Ocean7's application for countersecurity, the Court noted that this representation "was made over six weeks ago, and Ocean7 has filed no motion to recover costs or fees against Plaintiff. Judgment was entered almost seven weeks ago." ECF No. 44 at 3. The Court continued that "[it] sees no point in ordering Plaintiff to provide countersecurity. The Court has already dismissed the lawsuit and vacated the maritime arrest, both on Ocean7's request. Ocean7 never filed a counterclaim. Despite its representation to the contrary, Ocean7 never filed a motion to recover its fees or costs." *Id.* Even after this ruling, Ocean7 waited six more weeks to file its motion. It should come as no surprise to Ocean7 that the Court now views such a motion as untimely.

The Court finds Ocean7's proffered reasons for its delay unpersuasive. Ocean7 argues that the Vessel did not end its voyage until February 24, 2025, and that the full extent of the commercial losses could not be computed "until the accounting was complete." ECF No. 49 at p. 95. But Ocean7 fails to explain why, presumably knowing the anticipated length of the voyage, it previously represented that it anticipated filing its motion in early January, and seeking $455,000—less than a third of the amount it now seeks. Additionally, Ocean7 could have filed its motion even before the loss figures were known with precision. *Cf.* Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment ("The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must be submitted in due course,

according to such schedule as the court may direct in light of the circumstances of the case."). Nor was Ocean7 entitled to wait and see what Plaintiff might say in its Rule 60 motion, or how the Court might rule on that motion, before filing its own motion for wrongful arrest. In any case, Ocean7's motion came four weeks after the Court's ruling on the Rule 60 motion. This delay is unexplained.

Accepting Ocean7's motion as timely would result in unfair prejudice to Plaintiff. First, as set forth above, at Ocean7's request, the Court has already held Plaintiff to a strict standard of timeliness in its own filings. Second, and also at Ocean7's request, the Court exercised its discretion to deny Plaintiff leave to amend, based in part on the need to bring the entire case to a resolution.[1] Plaintiff would face an unfair result through the inconsistent application of these standards. Third, the Court considers the policy behind Rule 54(d) and Rule 59(e) in favor of a uniform standard that provides all parties with certainty, finality, and notice of the conclusion of proceedings.

Ocean7 contends that there is no prejudice to Plaintiff because Ocean7's ex parte application for countersecurity, filed on January 7, 2025, put Plaintiff on notice of Ocean7's intent to seek fees. Ocean7 further contends that it again advised Plaintiff on April 1, 2025, "before Geoserve's deadline to file a Notice of Appeal expired," ECF No. 55 at 13, of its intent to file the motion for wrongful arrest. To be sure, there was no shortage of notice in this case—according to Ocean7, it raised the subject of such a motion with Plaintiff as far back as November 2024, the same month this lawsuit was filed. ECF No. 51-1 at 9. The problem, however, is that the words were not timely followed up with action. The prejudice in this case arises not from Ocean7's failure to timely threaten to file a motion—it apparently did so for over five months—but its failure to timely file the

---

[1] Ocean7's motion for wrongful arrest damages seeks to recover approximately $1.5 million, an amount that dwarfs the $188,000 at issue in Plaintiff's in rem complaint. If Ocean7's motion were to proceed on the merits, the Court, as a matter of fairness, would likely permit limited discovery related to that request.

motion.[2]

Applying principles of equity, the Court concludes that Ocean7's post-judgment motion for wrongful arrest is untimely. The motion would also be untimely if the deadlines provided in Rules 54(d)(2) or 59(e) were applied, or if such deadlines were borrowed for application by analogy. The motion is therefore denied. This ruling does not foreclose Ocean7 from pursuing its claims against Plaintiff by means of a new civil lawsuit.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Ocean7's motion for wrongful arrest [ECF No. 49].

**IT IS SO ORDERED.**

Dated: August 4, 2025

_____
Hon. Robert S. Huie
United States District Judge

---

[2]  Ocean7 also argues that the Court "may deem" Ocean7's ex parte motion for countersecurity to be a timely motion for fees under Rule 54(d)(2). ECF No. 55 at 23. The Court declines to do so. Ocean7's countersecurity motion specifically contemplated Ocean7's future filing of a damages motion, and indeed, Ocean7's failure to make that filing as anticipated was one of the Court's reasons for denying the countersecurity motion.

12

24-cv-2148-RSH-SBC